O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff/Respondent,<br><br>vs.<br><br>LUCIO AQUILES-ZAMORA<br><br>    Defendant/Petitioner. | Case No. CV 11-4681 CAS<br>    CR 08-1162(A) CAS<br><br>**ORDER DENYING PETITIONER'S MOTION TO VACATE, SET ASIDE, OR CORRECT HIS SENTENCE PURSUANT TO 28 U.S.C. § 2255.** |

## I.    INTRODUCTION AND BACKGROUND

On October 6, 2009, petitioner Lucio Aquiles-Zamora pled guilty to violations of 21 U.S.C. §841(a)(1) and §841(b)(1)(A), for possession with intent to distribute five or more kilograms of cocaine. He was sentenced to 120 months imprisonment on July 29, 2010. The plea agreement contained a waiver of the right to appeal the sentence imposed and the manner in which the sentence was determined as well as a waiver of the right to collaterally attack the sentence or conviction. Case No. CR 08-1162, Dkt. No. 195 ¶ 24.[1] On May 31, 2011, petitioner filed a motion to vacate, set aside, or

---

[1] Specifically, petitioner's plea agreement states:

(continued...)

correct his sentence pursuant to 28 U.S.C. §2255. Petitioner bases his petition on four grounds: (1) petitioner's lawyer provided ineffective assistance of counsel because he refused to file an appeal on petitioner's behalf; (2) petitioner received a lengthier sentence of imprisonment than his co-defendants and his lawyer failed to bring this fact to the Court's attention; (3) the government improperly charged petitioner; and (4) petitioner received a lengthier sentence of imprisonment than his co-petitioners.

On August 30, 2011, the government filed an ex parte application requesting an order (1) authorizing disclosure of certain attorney client communications; and (2) establishing procedures for obtaining such attorney client communications. Case No. CR 08-1162, Dkt. No. 410. On September 2, 2011, the Court found that petitioner had waived his attorney-client privilege with respect to communications relevant to his petition. Case No. CR 08-1162, Dkt. No. 411. The Court ordered petitioner either to provide notice of his election to withdraw his ineffective assistance of counsel claims or to provide the interrogatory responses prepared by Michael Roger McDonnell ("McDonnell"), petitioner's counsel in the underlying matter, and any objections to those interrogatories by October 31, 2011. Id.

On February 9, 2012, the Court found that petitioner had effectively withdrawn his request for relief based on ineffective assistance of counsel by failing to timely file the interrogatory responses and any objections. Case No. CV 11-4681, Dkt. No. 9. The Court found that petitioner's remaining arguments failed due to his waiver of his right

---

(...continued)
Petitioner gives up the right to appeal any sentence imposed by the Court, including any order of restitution, and the manner in which the sentence is determined, provided that the term of imprisonment imposed is not greater than 30 years. Petitioner also gives up any right to bring a post-conviction collateral attack on the convictions or sentence, including any order of restitution, except a post-conviction collateral attack based on a claim of ineffective assistance of counsel.

CR 08-1162, Dkt. No. 195 ¶ 24.

to appeal or collaterally attack the sentence. Id. Accordingly, the Court denied petitioner's motion for a reduction of sentence pursuant to 28 U.S.C. §2255. Id.

On February 17, 2012, petitioner filed a motion for reconsideration, in which he stated that he sent objections to U.S. Attorney Andre Birotte Jr. on October 31, 2011. Case No. CR 08-1162, Dkt. No. 416. The government filed an opposition on February 28, 2012, in which it asserted that it has not received any such objections. Case No. CV 11-4681, Dkt. No. 12. On March 30, 2012, petitioner filed a reply reasserting that he did, in fact, send both the interrogatory answers and his objections on October 31, 2011. Case No. CV 11-4681, Dkt. No. 12. Petitioner asked the Court to permit him to resend the material and to allow him another opportunity to contest his sentence. Id. On April 9, 2012, the Court vacated its February 9, 2012 order and directed petitioner to resubmit a copy of both McDonnell's responses to the interrogatories and petitioner's objections thereto. Case No. CV 11-4681, Dkt. No. 13. On July 17, 2012, the government filed a further opposition to petitioner's motion. Case No. CV 11-4681, Dkt. No. 16. After considering the parties' arguments, the Court finds and concludes as follows.

## II. LEGAL STANDARD

A petition pursuant to 28 U.S.C. § 2255 challenges a federal conviction and/or sentence to confinement where a prisoner claims "that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." Sanders v. United States, 373 U.S. 1, 2 (1963).

Ineffective assistance of counsel constitutes a violation of the Sixth Amendment right to counsel, and thus, if established, is grounds for relief under section 2255. To establish ineffective assistance of counsel, a petitioner must prove by a preponderance of the evidence: (1) the assistance provided by counsel fell below an objective standard of reasonableness; and (2) there is a reasonable probability that, but for counsel's errors, the result of the proceeding would have been different. Strickland v. Washington, 466

U.S. 668, 688, 694 (1984). The petitioner carries the burden of establishing both prongs. Id. at 697; United States v. Quintero-Barraza, 78 F.3d 1344, 1348 (9th Cir. 1995).

### III. DISCUSSION

#### A. Ineffective Assistance of Counsel

#### (1) Consultation Regarding Sentence and Appellate Rights

Petitioner claims that McDonnell failed to advise him of his appellate rights. Mot. at 3. Petitioner also argues that "[McDonnell] never advised this movant that he faced a ten year mandatory minimum as part of the plea agreement." Id.

The government argues that petitioner cannot demonstrate that he received ineffective assistance of counsel because McDonnell in fact advised petitioner of his sentence and his limited right to appeal, and because petitioner never asked McDonnell to file a notice of appeal. Opp'n at 8.

McDonnell asserts that he advised petitioner about his appellate rights before petitioner was sentenced. Dkt. No. 15 at 11, Interrog. Nos. 2–4. According to McDonnell, his conversation with petitioner included a discussion of petitioner's right to file an appeal, the impact of his plea agreement on his right to file an appeal, and the likelihood of success on appeal. Id. Moreover, according to McDonnell, petitioner did not ask him to file an appeal. Dkt. No. 15 at 14, Interrog. No. 5.

Because petitioner has made inconsistent and contradictory statements, the Court finds McDonnell's account of the facts more credible. For example, petitioner previously stated that "he [petitioner] never asked [McDonnell] to appeal the case." Dkt. No. 15 at 5. This statement cannot be reconciled with petitioner's current claim that he requested that McDonnell file an appeal and that McDonnell refused to do so.

Likewise, in his objections to McDonnell's interrogatory responses, petitioner claims that he was never advised that he faced a ten-year mandatory sentence. ("Never did counsel advise, nor inform, this movant that a mandatory ten (10) year sentence applied to his case."). Id. at 2. However, during petitioner's change of plea hearing,

4

petitioner stated under oath that he understood the mandatory minimum sentence he faced, and that he had discussed the matter with his lawyer. Opp'n Exh. B at 22:18-23:3.

Further, even if the Court were to conclude that McDonnell did not advise petitioner concerning his right to appeal, petitioner would not be entitled to relief unless he could demonstrate that, but for McDonnell's deficient performance, petitioner would have appealed. United States v. Flores-Ortega, 528 U.S. 470, 477 (2000). "[E]vidence that there were non-frivolous grounds for appeal or that the petitioner in question promptly expressed a desire to appeal will often be highly relevant in making this determination." Id. at 486. Here, petitioner has not presented non-frivolous grounds for appeal nor has petitioner demonstrated that he promptly expressed a desire to appeal. By his plea agreement, petitioner waived his right to appeal his sentence unless it entailed more than 30 years imprisonment, which it did not. Opp'n, Exh. A ¶ 24 ("Petitioner gives up the right to appeal any sentence imposed by the Court, including any order of restitution and the manner in which the sentence is determined, provided that the term of imprisonment imposed is not greater than 30 years."). Moreover, petitioner stated under oath that he understood the mandatory minimum sentence he faced and that he had discussed the potential sentence with his lawyer. Opp'n, Exh. B at 22:7–17, 22:18–23:3.

### (2) Petitioner's Assertion that McDonnell Failed to File Notice of Appeal

Petitioner claims that McDonnell provided ineffective assistance because petitioner requested that McDonnell file a notice of appeal and McDonnell refused to do so. Mot. at 5.

The government argues that petitioner cannot demonstrate that he received ineffective assistance because McDonnell advised petitioner concerning his limited right to appeal, and because petitioner never asked him to file a notice of appeal. Opp'n at 8.

The record shows that petitioner did not express a desire to file an appeal until more than four months after his sentencing.[2]  Petitioner was required to file a notice of appeal within 14 days of being sentenced, a fact of which he was advised by this Court. Fed. R. App. P. 4(b)(1)(A); Opp'n, Exh. C at 9:14–20.  Petitioner did not file such a notice.  The Court finds no basis to believe that petitioner would have appealed in the required time frame but for McDonnell's allegedly deficient performance.  Because petitioner cannot allege prejudice, even if his account of the facts is credited, his claim for ineffective assistance of counsel fails.

### (3) Petitioner's Assertion that McDonnell Failed to Argue for Reduced Sentence

Petitioner contends that relief is justified on the ground that his co-defendants received "less time for the same charge." Mot. at 6.  Petitioner argues that McDonnell's failure to raise the issue of sentencing disparity in this Court amounts to ineffective assistance. Id.

The government argues that petitioner's plea agreement precludes petitioner from collaterally attacking his sentence on these grounds. Opp'n at 17.  Moreover, the government argues that petitioner faced a statutory minimum sentence and that McDonnell's conduct was within the reasonable range of professional assistance. Id.

The Court finds that petitioner is precluded from raising this issue because it falls within his voluntary waiver of the right to appeal his sentence and the manner it was determined.  Case No. CR 08-1162, Dkt. No. 195 at ¶ 24.

Even if this challenge were permitted, a review of the record demonstrates that McDonnell's decision not to argue that petitioner was improperly sentenced was within the range of reasonable professional assistance.  The Court sentenced petitioner to the mandatory minimum term of imprisonment permitted by 18 U.S.C. § 3553. Case No.

---

[2]The first indication in the record that petitioner sought to file an appeal is contained in his letter to the Court, filed on December 6, 2010, in which he requested that the Court appoint counsel to represent him in an appeal. Opp'n, Exh. D.  Petitioner was sentenced on July 29, 2010.

CR 08-1162, Dkt. No. 195 at 8:4–8. Because petitioner was sentenced to the mandatory minimum term of imprisonment, it would have been futile for McDonnell to argue for a reduced sentence.[3]

### B. Petitioner's Remaining Contentions

Both of petitioner's remaining claims are precluded by the waiver in petitioner's plea agreement.

#### (1) Claim for Improper Charges

Petitioner appears to challenge the way the government charged his case when he asserts that "there were (9) counts, but only eight counts were in the indictment." Mot. at 6. As previously discussed, petitioner waived his right to bring any post-conviction collateral attack on his conviction or sentence, except for a post-conviction collateral attack based on a claim of ineffective assistance of counsel. Case No. CR 08-1162, Dkt. No. 195 Thus, this claim is barred.

#### (2) Claim for Improper Sentence

Finally, petitioner alleges judicial error because he received a lengthier prison sentence than his co-defendants. As noted, this contention is barred by petitioner's plea agreement. Case No. CR 08-1162, Dkt. No. 195. Further, regardless of the sentences imposed on his co-defendants, petitioner received the statutory mandatory minimum sentence.

## IV. CONCLUSION

In accordance with the foregoing, the Court DENIES petitioner's motion to vacate, set aside, or correct his sentence.

Dated: August 9, 2012

*Christina A. Snyder*
Christina A. Snyder
United States District Judge

---

[3]McDonnell did move for the Court to set aside a prior conviction. Had he been successful, petitioner would have been eligible for a reduced sentence. However, the Court denied the motion.